UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS - RICHMOND REGION COUNCIL 4614, ELIUD BONILLA, LUCIANIA FREEMAN, ABBY JO GEARHART, and JEANNE ROSEN, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC INTEREST LEGAL FOUNDATION and J. CHRISTIAN ADAMS , <br><br> Defendants. | Case No. 1:18cv423 (LO/IDD) |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, Public Interest Legal Foundation ("PILF") and J. Christian Adams ("Mr. Adams") (collectively, "Defendants"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court to dismiss Plaintiffs' Complaint in its entirety. For reasons set forth more fully in the accompanying Memorandum of Law in Support of Defendants' Rule 12(b)(6) Motion to Dismiss, dismissal is proper because Plaintiffs' allegations fail to state any plausible claims upon which relief may be granted.

As a threshold matter, League of Latin American Citizens – Richmond Region Council 4614 ("LULAC – Richmond") lacks standing as organizational plaintiff to assert the claimed violations of the Voting Rights Act and "Ku Klux Klan Act" alleged in the Complaint. LULAC - Richmond has not demonstrated that Defendants caused it to suffer an "injury in fact" that can be redressed by a favorable decision, a necessary requirement to establish standing as an organizational plaintiff. On the basis of standing alone, LULAC – Richmond's claims should be dismissed.

On the merits, the claims of all Plaintiffs are subject to dismissal as a matter of law. The Voting Rights Act does not afford a right of action against non-government parties. Even if it did, mere publication of the Reports does not rise to the level of "voter intimidation" prohibited by Section 11(b) of the Voting Rights Act.

As for Plaintiffs' alleged violations of the "Ku Klux Klan Act," 42 U.S.C. § 1985(3) is applicable only to government conduct. Even if it applied to alleged private conspiracies, Section 1985(3) requires allegations of animus directed toward certain protected classes that do not include Plaintiffs.

Finally, the individual Plaintiffs' defamation claim fail to state any cognizable claim for state common law defamation. The publications at issue do not even name the individual Plaintiffs, much less defame them.

For these several independent reasons, this case should be dismissed in its entirety. This Motion to Dismiss is supported by the accompanying Memorandum in Support of Defendants' Rule 12(b)(6) Motion to Dismiss.

Dated: May 29, 2018

    Respectfully submitted,

    PUBLIC INTEREST LEGAL FOUNDATION
    and J. CHRISTAN ADAMS

    By */s/ Michael J. Lockerby*
        Counsel

    Michael J. Lockerby (VA Bar No. 24003)
    Eli L. Evans (*Pro hac vice* forthcoming)
    FOLEY & LARDNER LLP
    Washington Harbour
    3000 K Street, N.W., Suite 600
    Washington, D.C. 20007-5109
        T: 202-945-6079
        F: 202-672-5399

mlockerby@foley.com
eevans@foley.com

William E. Davis (*Pro hac vice* forthcoming)
Ana Romes (*Pro hac vice* forthcoming)
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
T: 305-482-8404
F: 305-482-8600
wdavis@foley.com
aromes@foley.com

Counsel for Defendants