IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS – RICHMOND REGION COUNCIL 4614, ET AL., <br><br> *Plaintiffs*, <br> v. <br><br> PUBLIC INTEREST LEGAL FOUNDATION, ET AL., <br><br> *Defendants & Third-Party Plaintiffs*, <br> v. <br><br> VIRGINIA DEPARTMENT OF ELECTIONS, <br><br> *Third-Party Defendant.* | Civil No. 1:18-cv-00423 <br><br> Hon. Liam O'Grady |

## MEMORANDUM OPINION & ORDER

This matter comes before the court on Third-Party Defendant's Motion to Dismiss Third-Party Complaint (Dkt. 70) and Motion to Dismiss the Amended Third-Party Complaint (Dkt. 77). The motions were fully briefed, and the Court dispensed with oral argument. For the reasons stated below, and for good cause shown, the Court hereby **GRANTS** Third-Party Defendant's Motion to Dismiss the Amended Third-Party Complaint (Dkt. 77) and **DENIES** Third-Party Defendant's Motion to Dismiss Third-Party Complaint (Dkt. 70) as moot.

### I. BACKGROUND

This suit arises out of the publication of *Alien Invasion* and *Alien Invasion II* by Third-Party Plaintiffs, the Public Interest Legal Foundation ("PILF") and J. Christian Adams. Am. Third-Party Compl. at ¶ 2. The *Alien Invasion* publications attached previously unpublished

1

records obtained from the Virginia Department of Elections ("the Department") identifying by name, address, and telephone numbers, various individuals whom Third-Party Plaintiffs argued were likely illegally voting. *Id.* at ¶ 37–40; Pls.' Resp. at 3. Several of the individuals identified in the *Alien Invasion* publications and the League of United Latin American Citizens – Richmond Region Council 4614, sued Third-Party Plaintiffs for defamation and violations of 42 U.S.C. § 1985(3) (the "Ku Klux Klan Act") and Section 11(b) of the Voting Rights Act. Third-Party Plaintiffs then filed a Third-Party Complaint against the Department, arguing that the Department was liable for all or part of the claims asserted against PILF and Mr. Adams. Dkt. 66.

The Department filed a Motion to Dismiss the Third-Party Complaint. Dkt. 70. In response, Third-Party Plaintiffs filed an Amended Third-Party Complaint. Dkt. 73. While the Department disagrees with Third-Party Plaintiffs that the filing of the Amended Third-Party Complaint mooted the Motion to Dismiss, the Department "agree[d] that the only motion on which a ruling is needed is the Department's . . . motion to dismiss the Amended Third-Party Complaint." Dkt. 76 at 1.

In the Third-Party Amended Complaint, Third-Party Plaintiffs state that they attempted to verify the information in the Department records and were told by the former Commissioner of the Department that "the government created records referenced in the Reports in fact show what they purport to show." Am. Third-Party Compl. at ¶ 3. Third-Party Plaintiffs allege that they "had every right to rely upon the accuracy of [the] government-created records," *id.* at ¶ 2, and therefore, "[i]f Plaintiffs are successful against Third-Party Plaintiffs, it will be because Third-Party Plaintiffs relied upon the representations of the Department, which unlawfully removed citizens from the voter rolls and failed to accurately maintain and produce records in violation of

the" National Voter Registration Act of 1993 (the "NVRA"), *id.* at ¶ 53. Stated another way, Third-Party Plaintiffs allege that "any liability that PILF and Mr. Adams may have for Plaintiff's claims is due, in whole or in part, to actions taken by and conduct of the Department." Dkt. 80 at 8.

Third-Party Plaintiffs further allege that if the Department records were accurate, they cannot be held liable for publishing them, and if they were inaccurate, "the Department is responsible for their contents—with the result that Plaintiffs cannot prove essential elements of their claims against PILF and Mr. Adams." Am. Third-Party Compl. at ¶ 5. Indeed, Third-Party Plaintiffs allege that *they* were also harmed by the Department's allegedly inaccurate recordkeeping because the inaccuracies are "having a chilling effect" on the exercise of their First Amendment rights, *id.* at ¶ 5, and part of PILF's objectives are to ensure voter registration rolls are accurate, *id.* at ¶ 11. Plaintiffs respond that their Complaint alleges not that the reports are false, but rather that Third-Party Plaintiffs ignored warnings and drew false conclusions from the reports, then published the records with a defamatory gloss. Pls.' Resp. at 3.

The Amended Third-Party Complaint brings two claims against the Department: (I) unlawful removal of voters in violation of the NVRA, and (II) improper maintenance of voter registration rolls in violation of the NVRA. Third-Party Plaintiffs seek declaratory and injunctive relief to compel the Department's compliance with the NVRA. *Id.* at ¶ 1. Third-Party Plaintiffs do not seek monetary contribution from the Department, though they do seek attorney's fees and expenses for litigation of the Third-Party Complaint. *See id.*; Dkt. 80 at 13.

The Department has moved to dismiss the Third-Party Amended Complaint with prejudice because (a) any claim for contribution is barred by sovereign immunity, (b) any claim that the Department violated NVRA is a derivative suit not properly joined to the Plaintiffs' case,

3

(c) the Amended Complaint fails to state a plausible claim that the Department is responsible for the statements and reports by Third-Party Plaintiffs underlying Plaintiffs' claims, and (4) Third-Party Plaintiffs lack standing because they assert only an individualized grievance. Plaintiffs support granting the Motion to Dismiss. *See* Pls.' Resp.

### III. ANALYSIS

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." A third-party complaint is appropriate under Rule 14(a) "only where the third party defendant would be secondarily or derivatively liable to the defendant in the event the defendant is held liable to the plaintiff" and the outcome of the third-party claim is not "independent of the outcome of the main claim." *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 577 (E.D. Va. 1987) (Ellis, J.). Third-party complaints are not appropriate where, for example, (a) the third-party claim "is not part of the main claim" of the plaintiffs against the third-party plaintiffs; (b) the third-party plaintiffs make, in effect, an "it was him, not me" argument that the third-party defendant may be liable to the *plaintiff*; or (c) the third-party plaintiffs do not seek reimbursement or contribution from the third-party defendant for all or part of any sum the third-party plaintiff must pay the plaintiff. *Id.* at 577–78. The Amended Third-Party Complaint at issue in this case is improper for all three of these reasons.

First, the Amended Third-Party Complaint's claim that the Department violated the NVRA is not part of the Plaintiffs' main claim. Plaintiffs do not claim that the Department violated the NVRA or even that the records were false. Instead, the Plaintiffs argue that the Third-Party Plaintiffs defamed them and violated voter protection acts by drawing false

4

conclusions from the reports despite warnings about the limited and potentially misleading or inaccurate nature of the Department reports. While Third-Party Plaintiffs' claims "arise[] out of the same general set of facts as the main claim[s]," they constitute a "separate and independent action" from Plaintiffs' causes of action against the Third-Party Plaintiffs and are thus not permitted under Rule 14(a). *Laughlin v. Dell Fin. Servs., L.P.*, 465 F. Supp. 2d 563 (D.S.C. 2006); *Watergate*, 117 F.R.D. at 577.

Second, the Third-Party Plaintiffs' primary argument that the Amended Third-Party Complaint is proper under Rule 14(a) is that the harm caused to the Plaintiffs was in part caused by the actions of the Department, and therefore any liability Third-Party Plaintiffs owe Plaintiffs is partially the result of the Department's inaccurate records. Essentially, Third-Party Plaintiffs argue that the Department is also liable to the Plaintiff, not that the Department is derivatively liable to Third-Party Plaintiffs for Plaintiffs' harms. While it is proper for the Third-Party Plaintiffs to raise such arguments in their defense, "it was him, not me" arguments are not a proper basis for impleader. *Id.* at 578.

Finally, the Amended Third-Party Complaint is improper because it brings independent claims that the Department violated the NVRA and seeks declaratory and injunctive relief, not contribution or indemnification. As such, the Amended Third-Party Complaint fails to state permissible claims under Rule 14(a). *Id.* (finding that third-party complaints are appropriate only where the third-party plaintiff seeks reimbursement for all or part of anything it must pay to the plaintiffs); *deHaas v. Empire Petrol. Co.*, 286 F. Supp. 809 (D. Colo. 1968) (finding that claims for affirmative or injunctive relief are not permitted under Rule 14).

## IV. CONCLUSION

For the reasons stated above, and for good cause shown, Third-Party Defendant's Motion to Dismiss the Amended Third-Party Complaint (Dkt. 77) is hereby **GRANTED** and Third-Party Defendant's Motion to Dismiss Third-Party Complaint (Dkt. 70) is hereby **DENIED** as moot.

November 26, 2018  
Alexandria, Virginia

Liam O'Grady  
United States District Judge

6