# **EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS - RICHMOND REGION COUNCIL 4614, ELIUD BONILLA, LUCIANIA FREEMAN, and ABBY JO GEARHART,<br><br>                Plaintiffs,<br><br>    v.<br><br>PUBLIC INTEREST LEGAL FOUNDATION and J. CHRISTIAN ADAMS,<br><br>                Defendants. | Civil Action No. 1:18-cv-00423 (LO/IDD) |

## PROPOSED STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and among the parties to this litigation (each, a Party; collectively, the "Parties"), Plaintiffs League of United Latin American Citizens - Richmond Region Council 4614, Eliud Bonilla, Luciania Freeman, and Abby Jo Gearhart and Defendants Public Interest Legal Foundation and J. Christian Adams, by counsel, as follows:

The Parties expect to produce certain information in discovery that they consider to be confidential and/or proprietary. The Parties wish to safeguard such confidential and proprietary information and would like to produce certain information pursuant to an appropriate protective order. No Party objects to the entry of a protective order to safeguard this information. Based on the foregoing and the agreement of counsel for the Parties, the Court finds good cause for the entry of a protective order to protect information and documents designated as confidential and/or proprietary.

THEREFORE, this Court ORDERS as follows:

1.     This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2.     Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law asserted by the producing party, shall be so designated in writing or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL."  Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS."  Further, the Parties agree that an additional designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be used if a producing party believes that this designation is appropriate during the course of this action.  The producing party shall add the abbreviation "CONF – AEO" to the filename of such documents.  Further, a Party may designate documents and information subpoenaed by another Party and/or received in response to a subpoena as "CONFIDENTIAL."

3.     A Party to this litigation or a non-party deponent wishing to designate portions of a deposition transcript as CONFIDENTIAL pursuant to this Order must, within three (3) business days from the conclusion of the deposition, order the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript as CONFIDENTIAL in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL, if such designation was

not already made on the record during the deposition, by serving upon all counsel of record via electronic mail transmission a notice setting forth the page, line numbers, and designation.  The designating party must serve such notice within ten (10) calendar days after such party's counsel receives a copy of the deposition transcript.  All transcripts ordered within three (3) business days from the conclusion of the deposition will be treated as confidential until the expiration of the ten (10) day period described in this paragraph.  Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order.  The parties shall negotiate in good faith to alter the time periods set forth in this paragraph in situation where a more expedited filing of a designated portion of the deposition transcript is required.

4.     ALL CONFIDENTIAL MATERIALS, and all information derived therefrom (including testimony, deposition or otherwise), that refers to, reflects, or otherwise discusses any such materials, shall not be used, directly or indirectly, by any person for any purpose whatsoever other than solely for the preparation, trial, and appeal of this action in accordance with this Order.

5.     In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than (i) the Parties, counsel of record for the Parties, and support staff of such counsel of record performing work related to this case; (ii) qualified persons taking testimony involving such CONFIDENTIAL MATERIALS and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action; (v) any person who is an author, addressee, or recipient of the material in question, or if there are other indicia that the witness has seen the document previously; (vi) during the conduct of their

depositions, witnesses in the action for whom counsel have a good-faith basis to believe disclosure is reasonably necessary and who have agreed to be bound by this Order and signed a declaration in the form annexed hereto as Exhibit A; (vii) outside photocopying and electronic discovery vendors; (viii) any mediators engaged by the parties, and their support staff;  and (ix) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.      CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) or 5(vi) unless such person has executed a written, dated declaration in the form attached as Exhibit A acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to use such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.   All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from using same except in the preparation for and trial of this case.   No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

7.      In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIALS shall not be disclosed to any person other than counsel of record in this case and those attorneys' support staff performing work tasks related to this case, and the in-house counsel of a party or as described in paragraph 6.

8.      If any Party disagrees with any designation made under this Order, such Party may at any time after the receipt of CONFIDENTIAL MATERIALS notify the producing or designating party in writing by identifying the challenged designations and the basis for each

challenge.  If the Parties are unable to informally resolve the dispute within fifteen (15) days of receipt of notice of the challenge, the designating party shall have seven (7) days from the date the Party challenging such designation provides written notice that it believes attempts to informally resolve the dispute have failed to move the Court to retain the designated status of such materials.  The designating party shall bear the burden of establishing that the CONFIDENTIAL information and/or materials should be protected under this Order.  The CONFIDENTIAL information and/or materials shall remain confidential until their status is changed by stipulation, written authorization of the designating party, or court order.

9.      Any Party seeking to file CONFIDENTIAL MATERIALS with the Court shall file such material in accordance with Local Rule 5.  The Parties shall work together in good faith to coordinate the filing of all motions and materials covered by this paragraph to permit compliance with the Local Rules.

10.      The production or disclosure during discovery of a privileged, work product, confidential, or other protected document or information medium shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver according to the principles set forth in Federal Rules of Evidence 502(d) and the associated case law, which are expressly incorporated herein.

11.      Within sixty (60) days after the conclusion of this case, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, upon written request, the receiving party shall assemble and destroy all materials containing information designated in accordance with paragraph 2, above (with the exception of filings and attorney work product with the Court, which the receiving party may retain but shall continue to

treat as CONFIDENTIAL MATERIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL, as provided by this Order).  The receiving party shall provide written verification that the materials have been destroyed and the manner in which such materials have been destroyed.

12.    This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all Parties bound hereby for the purposes of enforcing this Order.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13.    This Order does not prevent any Party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

14.    Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," nor the failure to make such designation shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not waive the designating party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15.    Nothing herein shall affect or restrict the rights of any Party with respect to its, his or her own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.  However, disclosure by a Party of its own document shall constitute the Party's waiver of the confidentiality designation for use in this action.

16.    Nothing in this Order will prevent any Party from producing any

CONFIDENTIAL MATERIAL in its possession in response to a lawful subpoena or other compulsory legal process, provided that such Party gives written notice to the designating party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the designating party will bear the burden to oppose compliance with the subpoena other compulsory process if the designating party deems it appropriate to do so.

17.    Nothing in this Protective Order shall prejudice the right of the Parties to stipulate (subject to Court approval), or to move to amend or modify this Protective Order.

18.    Third parties subject to document subpoenas or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendants with written notice that they intend to comply with and be bound by the terms of this Order.

IT IS SO ORDERED.


ENTERED:_____


_____
Hon. Ivan D. Davis
United States Magistrate Judge

We ask for this:

Plaintiffs League of United Latin American Citizens - Richmond Region Council 4614, Eliud Bonilla, Luciania Freeman, and Abby Jo Gearhart

By:     _/s/ Christopher S. Herlihy_____
         CHRISTOPHER S. HERLIHY (VSB No. 93558)
         ANISA A. SOMANI (VSB No. 86103)
         NICOLE M. CLEMINSHAW (VSB No. 92161)
         GEOFFREY M. WYATT (*Pro hac vice*)
         SEAN M. TEPE (*Pro hac vice*)
         ANDREW HANSON (*Pro hac vice*)
         ZACHARY W. MARTIN (*Pro hac vice*)
         1440 New York Ave. NW
         Washington, DC 20005
         Telephone:     (202) 371-7293
         Facsimile:     (202) 661-8293
         Christopher.Herlihy@probonolaw.com
         Anisa.Somani@probonolaw.com
         Nicole.Cleminshaw@probonolaw.com
         Geoffrey.Wyatt@probonolaw.com
         Sean.Tepe@probonolaw.com
         Andrew.Hanson@probonolaw.com
         Zachary.Martin@probonolaw.com

         ALLISON RIGGS (*Pro hac vice*)
         JACLYN MAFFETORE (*Pro hac vice*)
         JEFF LOPERFIDO (*Pro hac vice*)
         **SOUTHERN COALITION FOR SOCIAL JUSTICE**
         1415 West Highway 54, Suite 101
         Durham, NC 27707
         Telephone:     (919) 323-3380
         Facsimile:     (919) 323-3942
         AllisonRiggs@southerncoalition.org
         JaclynMaffetore@southerncoalition.org
         JeffLoperfido@scsj.org

         CAMERON KISTLER (*Pro hac vice*)
         **PROTECT DEMOCRACY PROJECT**
         2020 Pennsylvania Ave., NW # 163
         Washington, DC 20006
         Telephone:     (202) 599-0466
         Facsimile:     (929) 777-9428
         cameron.kistler@protectdemocracy.org

LARRY SCHWARTZTOL (*Pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
10 Ware St.
Cambridge, MA 02138
Telephone: (202)-599-0466
Facsimile: (929)-777-9428
larry.schwartztol@protectdemocracy.org


ANDREW G. CELLI, JR. (*Pro hac vice*)
ALANNA KAUFMAN (*Pro hac vice*)
**EMERY CELLI BRINCKERHOFF & ABADY LLP**
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020
Telephone:     (212) 763-5000
Facsimile:     (212) 763-5001
acelli@ecbalaw.com
akaufman@ecbalaw.com

Counsel for Plaintiffs

Defendants Public Interest Legal Foundation and J. Christian Adams

By */s/ Michael J. Lockerby*
      Counsel

Michael J. Lockerby (VSB No. 24003)
Eli L. Evans (VSB No. 90700)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone:  202-945-6079
Facsimile:  202-672-5399
Email: mlockerby@foley.com
Email: eevans@foley.com

William E. Davis (admitted *pro hac vice*)
Ana Romes (admitted *pro hac vice*)
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone:  305-482-8404
Facsimile:  305-482-8600
Email: wdavis@foley.com
Email: aromes@foley.com

Counsel for Defendants

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS - RICHMOND REGION
COUNCIL 4614, ELIUD BONILLA,
LUCIANIA FREEMAN, and ABBY JO
GEARHART,

                Plaintiffs,

      v.

PUBLIC INTEREST LEGAL FOUNDATION
and J. CHRISTIAN ADAMS,

              Defendants.

Civil Action No. 1:18-cv-00423 (LO/IDD)

## DECLARATION OF UNDERSTANDING AND AGREEMENT TO BE BOUND (EX. A TO PROTECTIVE ORDER)

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2019 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the EASTERN DISTRICT OF VIRGINIA – ALEXANDRIA DIVISION in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Materials in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Materials to any other person, firm or concern.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

2

Name:                    _____

Job Title:               _____

Employer:                _____

Business Address:        _____

                         _____


Date:    _____

                         _____
                         Signature