**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS - RICHMOND REGION COUNCIL 4614, ELIUD BONILLA, LUCIANIA FREEMAN, and ABBY JO GEARHART, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:18-cv-00423 (LO/IDD) |
| v. | ) ) | |
| PUBLIC INTEREST LEGAL FOUNDATION and J. CHRISTIAN ADAMS, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
RELEVANT TO ANTI-SLAPP AND FIRST AMENDMENT ISSUES
WITHHELD OR REDACTED BY PLAINTIFFS' COUNSEL**

Defendants, Public Interest Legal Foundation ("PILF") and J. Christian Adams ("Mr. Adams"), by counsel, pursuant to Federal Rules of Civil Procedure 26(b)(3), 37(a), and 45(d)(2)(B) and Local Civil Rules 26(C) and 37(C), respectfully move to compel the production of certain documents withheld or redacted by Plaintiffs' counsel, as set forth in the proposed Order granting this motion. The withheld documents pertain to evidence obtained by Justin M. Levitt, a law professor at Loyola University in Los Angeles ("Professor Levitt"), as a result of hundreds of emails that he sent to certain Virginia voters identified in an exhibit to one of the reports at issue in this case: the May 2017 report entitled *Alien Invasion II: The Sequel to the Discovery and Cover-Up of Non-Citizen Registration and Voting in Virginia* (Dkt. #1-2) ("*Alien Invasion II*").

In support of this motion, PILF and Mr. Adams rely upon (1) the exhibits referenced in and attached to the accompanying Declaration of Michael J. Lockerby ("Lockerby Decl."), including

1

the deposition transcript of Professor Levitt ("Levitt Tr."), and (2) the accompanying Memorandum in Support of Defendants' Motion to Compel Production of Documents and Testimony Relevant to Anti-SLAPP and First Amendment Issues Withheld or Redacted by Plaintiffs' Counsel ("Defendants' Memorandum"). The evidence cited in the Lockerby Declaration and the authority cited in Defendants' Memorandum establish the following.

By way of background, PILF and Mr. Adams learned of the existence of these documents only recently. Their existence came to light as the result of subpoenas for the production of documents and deposition testimony that PILF and Mr. Adams issued on March 12, 2019 to Professor Levitt and Loyola Law School, the custodian of most of the documents at issue.[1] These documents were responsive to discovery requests that PILF and Mr. Adams served on Plaintiffs' counsel on January 18, 2019. At the time of Defendants' discovery requests, all of these documents were in the possession, custody, or control of at least two of the law firms appearing as counsel of record for Plaintiffs in this case: the Southern Coalition for Social Justice ("SCSJ") and the Protect Democracy Project ("Protect Democracy"). These documents were never produced by Plaintiffs' counsel in response to Defendants' discovery requests. Nor were they identified on any privilege log produced by counsel of record for Plaintiffs in this Court.

On April 1, 2019—nearly three weeks after Plaintiffs' counsel received service of the Levitt and Loyola Document Subpoenas—Defendants' counsel heard from an attorney at the law firm of Keker, Van Nest & Peters LLP in San Francisco by the name of Thomas E. Gorman, Esq.

---

[1] A copy of the document subpoena served on Professor Levitt (the "Levitt Document Subpoena") is attached as **Exhibit A**. A copy of the document subpoena served on Loyola Law School (the "Loyola Document Subpoena") is attached as **Exhibit B**. A copy of the deposition subpoena served on Professor Levitt (the "Levitt Deposition Subpoena") is attached as **Exhibit C**. The foregoing subpoenas were served on Plaintiffs' counsel on March 12, 2019 and on Professor Levitt and Loyola on March 14, 2019.

Mr. Gorman stated that he had been retained to represent two of the law firms representing Plaintiffs—SCSJ and Protect Democracy—in connection with the subpoenas. Thereafter, counsel for SCSJ and Protect Democracy asserted that certain emails that Plaintiffs' counsel had exchanged with Professor Levitt were immune from production as work product. Through their lawyers in San Francisco, SCSJ and Protect Democracy directed Professor Levitt and Loyola to withhold or redact 72 emails that Professor Levitt had exchanged with SCSJ and Protect Democracy—even though no litigation was anticipated at the time the communications began, and even though Professor Levitt is not now and never has been counsel for Plaintiffs.

Thereafter, Professor Levitt himself asserted "attorney-client privilege" over certain communications with five of the more than 500 Virginia voters to whom he had sent a barrage of emails beginning May 30, 2017 and continuing until at least the month of August 2017. In each of his emails to Virginia voters, Professor Levitt first introduced himself as a "law professor," stating: "some of my research concerns elections and voting, and it's in that capacity that I'm reaching out." While claiming that "I really don't mean to cause any alarm," Professor Levitt followed up with a series of subsequent emails that grew increasingly alarmist until a few Virginia voters finally responded. From these responses, Professor Levitt withheld 53 emails reflecting his communications with these five Virginia voters on grounds of attorney-client privilege—even though he concedes that he did not provide them with legal advice, and even though he could not have done so without engaging in the unauthorized practice of law in the Commonwealth of Virginia. These allegedly privileged communications were apparently shared with SCSJ and Protect Democracy at the time. As a result, Plaintiffs' counsel is in a position to produce them without the need for Defendants to return to Los Angeles to obtain them from Professor Levitt.

The claims of work product immunity raised by SCSJ and Protect Democracy are without

merit for the following reasons:

1. As counsel of record for Plaintiffs, SCSJ and Protect Democracy should have previously produced these documents or identified them on a privilege log in response to Defendants' January 18, 2019 discovery requests.

2. SCSJ and Protect Democracy did not raise their work product objections to the Levitt and Loyola Document Subpoenas within the 14 days required by Fed. R. Civ. P. 45(d)(2)(B).

3. SCSJ and Protect Democracy do not have standing to object to the subpoenas served on non-parties Professor Levitt and Loyola Law School.

4. Professor Levitt's communications with SCSJ and Protect Democracy were not "in anticipation of litigation" and do not otherwise satisfy the prerequisites for work product immunity.

5. Even if SCSJ and Protect Democracy had legitimate claims of work product, Defendants' need for these communications warrants ordering their production.

6. Professor Levitt's communications with SCSJ and Protect Democracy are subject to production under the "crime-fraud" exception to attorney-client privilege and work product immunity.

The claims of attorney-client privilege raised by Professor Levitt are similarly without merit. By his own admission, Professor Levitt had no attorney-client relationship with the Virginia voters in question. They did not seek and he did not provide them with any legal advice. Professor Levitt's email exchanges with these Virginia voters—in which he claimed to be a "law professor" doing "research"—were such that it would not be reasonable under the circumstances for them to expect that they were having attorney-client privileged communications with him. To the extent

that Professor Levitt shared these email exchanges with SCSJ and Protect Democracy, they have already lost whatever confidential status they once may have had.

Accordingly, PILF and Mr. Adams respectfully request that the Court order production of the following documents responsive to the Levitt Document Subpoena and the Loyola Document Subpoena that are in the possession, custody, or control of Plaintiffs' counsel:

1. all 72 documents identified in the April 5, 2019 "Privilege Log prepared by counsel for the Protect Democracy Project and the Southern Center [sic] for Social Justice re third-party subpoenas issued to Professor Levitt and Loyola Law School" attached as **Exhibit D** (the "SCSJ/Protect Democracy Log") and

2. the 53 withheld or redacted emails between Professor Levitt and certain Virginia voters identified on pages 6-8 of the April 8, 2019 "Privilege Log – Subpoenas to Loyola Law School and Justin Levitt" attached as **Exhibit E** (the "Levitt Log").

In the alternative, PILF and Mr. Adams respectfully request that the Court inspect the foregoing documents *in camera* to determine whether there is any merit to (1) the claims of work product immunity asserted by SCSJ and Protect Democracy over their communications with Professor Levitt and (2) the claims of attorney-client privilege asserted by Professor Levitt over his communications with five Virginia voters.

When Professor Levitt was deposed in Los Angeles on April 17, 2019, counsel for SCSJ and Protect Democracy raised work product objections to questions about the communications identified in the SCSJ/Protect Democracy Privilege Log—and to questions about certain communications that were *not* identified in the SCSJ/Protect Democracy Privilege Log. Based on the objections raised by SCSJ and Protect Democracy, counsel for Loyola Law School instructed Professor Levitt not to answer such questions, and Professor Levitt complied with the foregoing

5

instructions. In addition, counsel for Loyola Law School instructed Professor Levitt not to answer questions about communications with the five Virginia voters identified on the Levitt Log—and with additional Virginia voters who were not identified on the Levitt Log. Professor Levitt complied with those instructions as well. To the extent that this Court orders production of the withheld documents, and to the extent that further deposition testimony by Professor Levitt is necessary to address them, PILF and Mr. Adams are cautiously optimistic that Professor Levitt will appear voluntarily without the need for further Order of this Court or the United States District Court for the Central District of California, where Professor Levitt lives and works.

Dated: April 26, 2019  Respectfully submitted,

PUBLIC INTEREST LEGAL FOUNDATION
and J. CHRISTIAN ADAMS

By */s/ Michael J. Lockerby*
         Counsel

Michael J. Lockerby (Virginia State Bar No. 24003)
Eli L. Evans (Virginia State Bar No. 90700)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: 202-945-6079
Facsimile: 202-672-5399
Email: mlockerby@foley.com
Email: eevans@foley.com


William E. Davis (Admitted *pro hac vice*)
Ana Romes (Admitted *pro hac vice*)
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-482-8404
Facsimile: 305-482-8600
Email: wdavis@foley.com
Email: aromes@foley.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April, 2019, I electronically filed the foregoing DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELEVANT TO ANTI-SLAPP AND FIRST AMENDMENT ISSUES WITHHELD OR REDACTED BY PLAINTIFFS' COUNSEL with the Court using the CM/ECF system, which will then send a Notice of Electronic Filing (NEF) to all counsel of record.

In addition, I sent a copy of the foregoing DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELEVANT TO ANTI-SLAPP AND FIRST AMENDMENT ISSUES WITHHELD OR REDACTED BY PLAINTIFFS' COUNSEL by email and U.S. mail to the following attorneys who are not counsel of record:

| | |
|---|---|
| Harold A. Bridges, Esq. | Thomas E. Gorman, Esq. |
| Bridges & Bridges | Keker, Van Nest & Peters LLP |
| 318 Avenue I, #606 | 633 Battery Street |
| Redondo Beach, California 90277 | San Francisco, California 94111-1809 |
| drew@bridges-law.com | tgorman@keker.com |
| *Counsel for* | *Counsel for* |
| *Justin M. Levitt* | *Southern Coalition for Social Justice* |
| *and Loyola Law School* | *and The Protect Democracy Project* |

                                                      /s/ *Michael J. Lockerby*
                                                 Michael J. Lockerby (VSB No. 24003)
                                                 FOLEY & LARDNER LLP
                                                 Washington Harbour
                                                 3000 K Street, N.W., Suite 600
                                                 Washington, D.C. 20007-5109
                                                 Telephone: 202-945-6079
                                                 Facsimile: 202-672-5399
                                                 Email: mlockerby@foley.com

                                                 *Counsel for Defendants*