# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS – RICHMOND REGION COUNCIL 4614, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC INTEREST LEGAL FOUNDATION, an Indiana Corporation, and J. CHRISTIAN ADAMS<br><br>Defendants. | Civil Action No. 1:18-cv-00423-LO-IDD |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT J. CHRISTIAN ADAMS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs League of United Latin American Citizens – Richmond Regional Council 4614, Eliud Bonilla, Luciania Freeman, and Abby Jo Gearhart (collectively, "Plaintiffs") hereby submit their First Request for Production of Documents to Defendant J. Christian Adams.

Plaintiffs request that Adams produce the following documents and things within 30 days of service at the offices of pro bono counsel at 1440 New York Ave. NW, Washington, DC 20005, or at such place as may be agreed upon by counsel. Each document request is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

1. "Alien Invasion I" or "Alien Invasion in Virginia" shall refer to the report entitled "Alien Invasion in Virginia: The [D]iscovery and [C]over[-]up of [N]on[-][C]itizen [R]egistration and [V]oting," published on September 30, 2016, and all exhibits, attachments, or appendices to the same. "Alien Invasion II" shall refer to the report entitled "Alien Invasion II: The Sequel to the Discovery and Cover-up of Non-Citizen Registration and Voting in Virginia," published in May 2017, and all exhibits, attachments, or appendices to the same. The "Alien Invasion Reports" shall refer to the two documents (and their attachments, exhibits, or appendices) collectively.

2. "Analyzing" is used in the broadest possible sense and means examining, evaluating, considering, studying, or exploring.

3. The term "communication" and "communications" are used in the broadest possible sense and mean every conceivable manner or means of disclosure, transfer, or exchange of oral, written, numerical, or pictorial information between one or more persons, entities, devices, platforms, or systems. A "communication" includes any documents attached to the communication.

4. "Concern," "concerning," "reflecting," "regarding," "relating to," are used in the broadest possible sense and mean in whole or in part addressing, analyzing, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing, or in any way logically or factually connected with the matter that is the subject of the Request.

5. The term "document" and "documents" are used in the broadest possible sense allowable under Rule 34 of the Federal Rules of Civil Procedure, and include any written,

printed, typed, photocopied, photographed, audio or video recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, video, sounds, symbols, or any combination thereof. It includes correspondence, memoranda, notes, records, letters, envelopes, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/email, text messages, instant or direct messages shared through any electronic or digital means, records or recordings of telephone calls or other forms of electronic oral communication, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic equipment, and all other data compilations from which information can be obtained, including without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original, and any preliminary versions, as well as drafts and revisions of any document, whether authored by Defendant Adams or by anyone else.

6. "Litigation" means League of United Latin American Citizens – Richmond Region Council 4614, et al. v. Public Interest Legal Foundation, et al. (E.D.Va., No. 1:18-cv-00423-LO-IDD).

7. "Organization" means any non-natural person, regardless of legal form (e.g., corporation, partnership, etc.), whether for-profit or non-profit.

3

8. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

9. "Requests" means the Requests for Production contained herein.

10. "You," or "Your," means the J. Christian Adams, and shall include any current or former agents, employees, and representatives, both individually and collectively.

11. Wherever necessary to bring within the scope of a Request a response that might otherwise be outside its scope, the following constructions apply:

   a. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary.

   b. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any."

   c. The word "including" shall mean "including" or "including without limitation" as necessary.

   d. The masculine form shall include the feminine form and vice-versa.

   e. The singular form of any word shall include the plural form and vice-versa.

## INSTRUCTIONS

1. The provisions of Rule 34 of the Federal Rules of Civil Procedure are incorporated herein by reference and made a part hereof.

2. Unless otherwise stated, these Requests seek documents created in, modified in, or in any way related to, the period from January 1, 2014 to the present (the "relevant time period").

3. Each Request shall operate and be construed independently. Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

4. These document Requests are continuing in character. You are required to supplement Your answer in accordance with Federal Rules of Civil Procedure 26 and 34 if you become aware of further or different information.

5. You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, for example only, handwritten or printed notations have been added) should be produced separately. Each document requested must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions regardless of whether You consider the entire document to be relevant or responsive to these Requests. If You have redacted any portion of a document, stamp the word "redacted" on each page of the document where You have redacted. Privilege redactions must be included in a privilege log. Please produce all documents in accordance with the protocols stipulated to by the parties and/or ordered by the Court.

6. These Requests require You to furnish all documents in Your possession, custody, or control, including information that is in the possession, custody, or control of Your agents, investigators, and consultants.

7. If You are unable to respond fully to any Request, explain why Your response is incomplete, the efforts You have made to obtain the information, and the source from which all responsive information may be obtained to the best of Your knowledge and belief.

8. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

9. If You withhold any documents on a claim of privilege, You shall provide a privilege log describing the basis for the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). To the extent not modified by Court order or stipulation, such log shall include an identifying document number, the date the document was created or last edited, the sender or author of the document, the recipients of the documents (including those who received copies), the type of privilege asserted, and a description of the document's contents and subject matter.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All documents relating to purported non-citizen registration and voting in Virginia, including, by way of example only, all documents or communications related to the conception, research, records collection, writing, revising, editing, publication, and/or promotion of the Alien Invasion Reports and drafts thereof. This request includes documents that cite, refer to, or use as source material the Alien Invasion Reports or the records gathered for the Alien Invasion Reports (e.g., "Safe Spaces: How Sanctuary Cities Are Giving Cover to Noncitizens on the Voter Rolls").

REQUEST FOR PRODUCTION NO. 2:

All communications with and information received from any Virginia government agency, including the officials, members, employees or staff thereof, charged with the management of elections or voter rolls, including the Virginia Department of Elections, the Privileges and Elections Committees of either house of the Virginia General Assembly, and the election board, office, or department for any city, county, or other subdivision of the Commonwealth of Virginia. This request includes any communications involving Virginia

election officials or their staff (e.g., GRLIST@LISTLVA.LIB.VA.US, EBLIST@LISTLVA.LIB.VA.US) that were forwarded to You.

REQUEST FOR PRODUCTION NO. 3:

All communications (i) with the Virginia Voters' Alliance or any director, officer, employee, volunteer or board member thereof; (ii) with any other private organization concerning "ballot security," "election integrity," or non-citizen voter registration and voting; and/or (iii) with any individual who assisted PILF and VVA with the collection of records and information from the Virginia Department of Elections of the election board, office, or department for any city, county, or other subdivision of the Commonwealth of Virginia.

REQUEST FOR PRODUCTION NO. 4:

All communications with the Congress of the United States (inclusive of members of House of Representatives or Senate, and their staff or representatives) and/or with individuals then employed by the federal Executive Branch (e.g., the White House, Cabinet-level departments, federal agencies and law enforcement, etc.) relating to purported non-citizen voter registration and voting.

REQUEST FOR PRODUCTION NO. 5:

All complaints, questions, correspondence, or other communications from or to individuals, whether directly or indirectly through agents or counsel, who are or were named in either Alien Invasion I or Alien Invasion II.

REQUEST FOR PRODUCTION NO. 6:

Copies (audio-recorded, video-recorded, or written) of all of Your appearances in any form of media ("Media Appearances"), which includes all public speaking appearances;

speeches; interviews (e.g., radio and TV); written articles in which You were quoted; articles or columns that You wrote; press releases; internet postings; social media postings; or other forms of public outreach; and any drafts of the same, related to the Alien Invasion Reports, the topic of voter registration or voting by non-citizens, and/or this Litigation.

REQUEST FOR PRODUCTION NO. 7:

All documents relating to the documents requested in RFP No. 6, including contracts, agreements, authorizations, or releases related to Your Media Appearances and documents concerning the plans, preparations, scheduling, invitations, solicitations, and/or pitches for Your Media Appearances.

REQUEST FOR PRODUCTION NO. 8:

All documents, including communications, relating to the Presidential Advisory Commission on Election Integrity that concern the Alien Invasion Reports, non-citizen registration or voting, and/or criminal prosecution of purported voter fraud.

REQUEST FOR PRODUCTION NO. 9:

All documents concerning the potential, expected, or actual effect the publication of (i) the Alien Invasion Reports, (ii) other PILF reports on purported non-citizen voting (including, for example, "Garden State Gotcha" and "Safe Spaces"), (iii) public statements concerning the foregoing reports, and/or (iv) the names and personal information of individual registrants, would have on Plaintiffs or other citizens.

REQUEST FOR PRODUCTION NO. 10:

All documents analyzing or discussing the effect that removing people from voter rolls and/or changing requirements for registering to vote have had or could have on voters and/or

election results, including the demographics and political affiliations of such voters and/or candidates for office.

REQUEST FOR PRODUCTION NO. 11:

All non-privileged documents relating to this Litigation.

REQUEST FOR PRODUCTION NO. 12:

All documents showing the nature, scope, or terms and conditions of Your employment by or work on behalf of PILF.

Dated: December 10, 2018

*[signature]*

NICOLE M. CLEMINSHAW (VSB No. 92161)
ANISA A. SOMANI (VSB No. 86103)
GEOFFREY M. WYATT (*Pro hac vice*)
SEAN M. TEPE (*Pro hac vice*)
LAUREN A. EISENBERG (*Pro hac vice*)
ANDREW HANSON (*Pro hac vice*)
SAMUEL LEVOR (*Pro hac vice*)
ZACHARY W. MARTIN (*Pro hac vice*)
1440 New York Ave. NW
Washington, DC 20005
Telephone:    (202) 371-7000
Facsimile:    (202) 661-8209
Nicole.Cleminshaw@probonolaw.com
Anisa.Somani@probonolaw.com
Geoffrey.Wyatt@probonolaw.com
Sean.Tepe@probonolaw.com
Lauren.Eisenberg@probonolaw.com
Sam.Levor@probonolaw.com
Andrew.Hanson@probonolaw.com
Zachary.Martin@probonolaw.com

ALLISON RIGGS (*Pro hac vice*)
JACLYN MAFFETORE (*Pro hac vice*)
JEFFREY LOPERFIDO (*Pro hac vice*)
**SOUTHERN COALITION FOR SOCIAL JUSTICE**

1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Facsimile: (919) 323-3942
AllisonRiggs@southerncoalition.org
JaclynMaffetore@southerncoalition.org
JeffLoperfido@scsj.org

CAMERON KISTLER (*Pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave., NW # 163
Washington, DC 20006
Telephone: (202) 599-0466
Facsimile: (929) 777-9428
cameron.kistler@protectdemocracy.org

LARRY SCHWARTZTOL (*Pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
10 Ware St.
Cambridge, MA 02138
Telephone: (202)-599-0466
Facsimile: (929)-777-9428
larry.schwartztol@protectdemocracy.org

ANDREW G. CELLI, JR. (*Pro hac vice*)
ALANNA KAUFMAN (*Pro hac vice*)
**EMERY CELLI BRINCKERHOFF & ABADY LLP**
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020
Telephone: (212) 763-5000
Facsimile: (212) 763-5001
acelli@ecbalaw.com
akaufman@ecbalaw.com

*Attorneys for Plaintiffs League of United Latin American Citizens – Richmond Region Council 4614, Eliud Bonilla, Luciania Freeman, Abby Jo Gearhart*

## CERTIFICATE OF SERVICE

I, Nicole M. Cleminshaw, hereby certify that on December 10, 2018, I caused true and correct copies of the foregoing Plaintiffs' First Request for Production to Defendant J. Christian Adams to be served by electronic email and overnight mail upon the following:

Michael J. Lockerby
Foley & Lardner LLP
3000 K Street, N.W. | Suite 600
Washington, DC 20007
MLockerby@foley.com

William E. Davis, Esq.
Ana Romes, Esq.
Foley and Lardner LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
wdavis@foley.com
aromes@foley

*Counsel for Defendants*

NICOLE M. CLEMINSHAW (VSB No. 92161)
1440 New York Ave. NW
Washington, DC 20005
Telephone:   (202) 371-7509
Facsimile:   (202) 661-8209
Nicole.Cleminshaw@probonolaw.com

*Counsel for Plaintiffs League of United Latin American Citizens – Richmond Region Council 4614, Eliud Bonilla, Luciania Freeman, Abby Jo Gearhart*