# EXHIBIT L

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS – RICHMOND REGION COUNCIL 4614, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC INTEREST LEGAL FOUNDATION, an Indiana Corporation, and J. CHRISTIAN ADAMS <br><br> Defendants. | Civil Action No. 1:18-cv-00423-LO-IDD |

**PLAINTIFFS' NOTICE OF SUBPOENA TO HANS von SPAKOVSKY COMMANDING PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Civil Rule 45 of the United States District Court for the Eastern District of Virginia, Plaintiffs League of United Latin American Citizens – Richmond Region Council 4614, Eliud Bonilla, Luciana Freeman, and Abby Jo Gearhart ("Plaintiffs") will cause the subpoena attached hereto as Exhibit 1 to be served upon Hans von Spakovsky commanding he produce the documents, information, or objects set forth in the annexed Schedule A within his possession, custody or control by March 1, 2019 at 5 p.m. at the offices of counsel at 1440 New York Avenue, NW, Washington, DC 20005.

1

Dated: January 31, 2019                                    Respectfully submitted,

                                                  /s/
NICOLE M. CLEMINSHAW (VSB No. 92161)
ANISA A. SOMANI (VSB No. 86103)
GEOFFREY M. WYATT (*Pro hac vice*)
SEAN M. TEPE (*Pro hac vice*)
LAUREN A. EISENBERG (*Pro hac vice*)
ANDREW HANSON (*Pro hac vice*)
ZACHARY W. MARTIN (*Pro hac vice*)
1440 New York Ave. NW
Washington, DC 20005
Telephone:   (202) 371-7509
Facsimile:    (202) 661-8209
Anisa.Somani@probonolaw.com
Nicole.Cleminshaw@probonolaw.com
Geoffrey.Wyatt@probonolaw.com
Sean.Tepe@probonolaw.com
Lauren.Eisenberg@probonolaw.com
Andrew.Hanson@probonolaw.com
Zachary.Martin@probonolaw.com


ALLISON RIGGS (*Pro hac vice*)
JACLYN MAFFETORE (*Pro hac vice*)
JEFFREY LOPERFIDO (*Pro hac vice*)
**SOUTHERN COALITION FOR SOCIAL JUSTICE**
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone:   (919) 323-3380
Facsimile:    (919) 323-3942
AllisonRiggs@southerncoalition.org
JaclynMaffetore@southerncoalition.org
JeffLoperfido@scsj.org


CAMERON KISTLER (*Pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave., NW # 163
Washington, DC 20006
Telephone:   (202) 599-0466
Facsimile:    (929) 777-9428
cameron.kistler@protectdemocracy.org

LARRY SCHWARTZTOL (*Pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
10 Ware St.
Cambridge, MA 02138
Telephone: (202)-599-0466
Facsimile: (929)-777-9428
larry.schwartztol@protectdemocracy.org


ANDREW G. CELLI, JR. (*Pro hac vice*)
ALANNA KAUFMAN (*Pro hac vice*)
**EMERY CELLI BRINCKERHOFF & ABADY LLP**
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020
Telephone:   (212) 763-5000
Facsimile:   (212) 763-5001
acelli@ecbalaw.com
akaufman@ecbalaw.com

*Attorneys for Plaintiffs League of United Latin American Citizens – Richmond Region Council 4614, Eliud Bonilla, Luciana Freeman, Abby Jo Gearhart*

## **CERTIFICATE OF SERVICE**

I, Nicole M. Cleminshaw, hereby certify that on the 31st day of January, 2019, I caused true and correct copies of the foregoing Notice of Subpoena, together with accompanying exhibits, to be served by electronic mail upon the following:

Michael J. Lockerby, Esq.
Eli L. Evans, Esq.
Foley & Lardner LLP
3000 K Street, N.W. | Suite 600
Washington, DC 20007
MLockerby@foley.com

William E. Davis, Esq.
Ana Romes, Esq.
Foley & Lardner LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
wdavis@foley.com
aromes@foley.com

*Counsel for Defendants*

Dated: January 31, 2019

                                                      /s/
NICOLE M. CLEMINSHAW (VSB No. 92161)
1440 New York Ave. NW
Washington, DC 20005
Telephone:    (202) 371-7509
Facsimile:    (202) 661-8209
Nicole.Cleminshaw@probonolaw.com

*Counsel for Plaintiffs League of United Latin American Citizens – Richmond Region Council 4614, Eliud Bonilla, Luciana Freeman, Abby Jo Gearhart*

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:18-cv-00423-LO-IDD   Document 160-12   Filed 05/17/19   Page 7 of 17 PageID# 5488

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| LULAC - Richmond Reg. Council 4614, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:18-cv-00423-LO-IDD |
| Pub. Interest. L. Found., et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hans von Spakovsky
1000 Pruitt Ct. SW, Vienna, VA 22108

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Described in Schedule A

| Place: 1440 New York Avenue, NW Washington, DC 20005 | Date and Time: March 1, 2019, 5:00 P.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____  OR  *[signature]*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **League of United Latin American Citizens - Richmond Region Council 4616, et al.**, who issues or requests this subpoena, are:
Nicole Cleminshaw; 1440 New York Ave, NW, Wash., D.C. 20005 nicole.cleminshaw@probonolaw.com, (202) 371-7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00423-LO-IDD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Hans von Spakovsky
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-cv-00423-LO-IDD   Document 160-12   Filed 05/17/19   Page 9 of 17 PageID# 5490

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA *DUCES TECUM*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Civil Rule 45 of the United States District Court for the Eastern District of Virginia, Plaintiffs demand that true and complete copies of all documents, information, objects, or things responsive to the following Requests be produced to Plaintiffs' undersigned counsel or, in the alternative, be made available to counsel for Plaintiffs for inspection, copying, or testing at a place or places to be agreed upon by the parties within the time frame prescribed by the Rules.

## DEFINITIONS

1. "Alien Invasion I" or "Alien Invasion in Virginia" shall refer to the report entitled "Alien Invasion in Virginia: The [D]iscovery and [C]over[-]up of [N]on[-][C]itizen [R]egistration and [V]oting," published on September 30, 2016, and all exhibits, attachments, or appendices to the same. "Alien Invasion II" shall refer to the report entitled "Alien Invasion II: The Sequel to the Discovery and Cover-up of Non-Citizen Registration and Voting in Virginia," published in May 2017, and all exhibits, attachments, or appendices to the same. The "Alien Invasion Reports" shall refer to the two documents (and their attachments, exhibits, or appendices) collectively.

2. "Analyzing" is used in the broadest possible sense and means examining, evaluating, considering, studying, or exploring.

3. "Communication" and "communications" are used in the broadest possible sense and mean every conceivable manner or means of disclosure, transfer, or exchange of oral, written, numerical, or pictorial information between one or more persons, entities, devices, platforms, or systems. A "communication" includes any documents attached to the

communication.

        4.        "Concerning," "reflecting," "regarding," "relating to," are used in the broadest possible sense and mean in whole or in part addressing, analyzing, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing, or in any way logically or factually connected with the matter that is the subject of the Request.

        5.        The terms "document" and "documents" are used in the broadest possible sense allowable under Rule 34 of the Federal Rules of Civil Procedure, and include any written, printed, typed, photocopied, photographed, audio or video recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, symbols, or any combination thereof.  It includes correspondence, memoranda, notes, records, letters, envelopes, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, electronic mail/email, text messages, instant messages shared through any electronic or digital means, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic equipment, and all other data compilations from which information can be obtained, including without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes.  The terms also mean every copy of a document where such copy is not an identical duplicate of the original, and any preliminary versions, as well as drafts and revisions of any document, whether authored by Hans von Spakovsky or by anyone else.

7

6. "Litigation" means League of United Latin American Citizens – Richmond Regional Council 4614 et al. v. Public Interest Legal Foundation et al. (E.D.V.A., No. 1:18-cv-00423-LO-IDD).

7. "Public Appearances" means any appearance in any form of media, which includes all public speaking appearances; speeches; interviews (e.g., radio and TV); written articles in which You were quoted; articles or columns that You wrote or co-wrote; press releases; internet postings; social media postings; or other forms of public outreach; and any drafts of the same.

8. "Organization" means any non-natural person, regardless of legal form (e.g., corporation, partnership, etc.), whether for-profit or non-profit, or governmental.

9. "Requests" means the Requests for Production contained herein.

10. "You" or "Your" means Hans von Spakovsky, member of the Board of Directors of Public Interest Legal Foundation.

11. Wherever necessary to bring within the scope of a Request a response that might otherwise be outside its scope, the following constructions apply:

    a. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary.

    b. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any."

    c. The word "including" shall mean "including" or "including but not limited to" as necessary.

    d. The masculine form shall include the feminine form and vice-versa.

    e. The singular form of any word shall include the plural form and vice-versa.

## **INSTRUCTIONS**

1.     The directives of Rule 45 of the Federal Rules of Civil Procedure and Local Civil Rule 45 of the United States District Court for the Eastern District of Virginia are incorporated herein by reference and made a part hereof.

2.     These Requests seek documents created in, modified in, or in any way related to, the period from January 1, 2015 to the present (the "relevant time period").

3.     Each Request shall operate and be construed independently. Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

4.     You are to produce all documents in accordance with the protocols stipulated to by the parties and/or ordered by the Court.  You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents.  Copies which differ in any respect from an original (because, for example only, handwritten or printed notations have been added) should be produced separately.  Each document requested must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions regardless of whether You consider the entire document to be relevant or response to these Requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of the document where You have redacted.  Privilege redactions must be included in a privilege log.

5.     These Requests require You to furnish all responsive documents in Your possession, custody, or control, including responsive documents and communications that were sent or received by You using Heritage Foundation email or that are or were stored or maintained, electronically or physically, by You at Heritage Foundation.

6.     If You are unable to respond fully to any Request, explain why Your response is

incomplete, the efforts You have made to obtain the information, and the source from which all responsive information may be obtained to the best of Your knowledge and belief.

7. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

8. If You withhold any documents on a claim of privilege, You shall provide a privilege log describing the basis for the claim of privilege, in accordance with Federal Rule of Civil Procedure 45(e)(2). Such log shall include an identifying document number, the date the document was created or last edited, the sender or author of the document, the recipients of the documents, including those who received copies, the type of privilege asserted, and a description of the document's contents and subject matter.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1):

All documents relating to purported non-citizen registration and voting in Virginia, including, by way of example only, all documents or communications related to the conception, research, records collection, content, writing, revising, editing, publication, promotion, or discussion of the Alien Invasion Reports and drafts thereof, as well as PILF Board of Director agendas, minutes, resolutions, authorizations, or other written materials relating to the Alien Invasion Reports. This request includes documents that cite, refer to, or use as source material the Alien Invasion Reports or the records gathered for the Alien Invasion Reports (e.g., "Safe Spaces: How Sanctuary Cities Are Giving Cover to Noncitizens on the Voter Rolls").

REQUEST FOR PRODUCTION NO. 2):

All communications with and information received from any Virginia government agency, including the officials, members, employees or staff thereof, charged with the

management of elections or voter rolls, including the Virginia Department of Elections, the Virginia State Board of Election or its members, the Privileges and Elections Committees of either house of the Virginia General Assembly, and the election board, office, or department for any city, county, or other subdivision of the Commonwealth of Virginia concerning the issue of purported non-citizen registration or voting. This request includes any communications involving Virginia election officials or their staff (including, by way of example only, GRLIST@LISTLVA.LIB.VA.US, EBLIST@LISTLVA.LIB.VA.US) that were forwarded to You.

REQUEST FOR PRODUCTION NO. 3):

Copies (audio-recorded, video-recorded, or written) of all of Your Public Appearances regarding or referencing the topic of voter registration or voting by non-citizens, the Alien Invasion Reports, and/or this Litigation.

REQUEST FOR PRODUCTION NO. 4):

All documents concerning the potential, expected, or actual effect the publication of (i) the Alien Invasion Reports, (ii) other PILF reports on purported non-citizen voting (including, for example, "Garden State Gotcha" and "Safe Spaces"), (iii) public statements concerning the foregoing reports, and/or (iv) the names and personal information of individual persons, would have on Plaintiffs or other citizens.

REQUEST FOR PRODUCTION NO. 5):

All documents relating to the Presidential Advisory Commission on Election Integrity that concern the Alien Invasion Reports or any other PILF report, non-citizen registration or voting, and/or purported voter fraud (including but not limited to Your email of February 22,

11

2017 concerning the potential members of PACEI). Any communications with any other member of the Commission or their staffs regarding the aforementioned topics are included within the scope of this request, regardless of the reason for such communication.

REQUEST FOR PRODUCTION NO. 6):

All communications with (i) the Congress of the United States (inclusive of members of House of Representatives or Senate, and their staff or representatives); (ii) the federal Executive Branch (e.g., the White House, Cabinet-level departments, federal agencies and law enforcement, etc.); and/or (iii) any Virginia Commonwealth's Attorney, relating to purported non-citizen voter registration and voting.

REQUEST FOR PRODUCTION NO. 7):

All documents analyzing or discussing the effect that removing people from voter rolls and/or changing requirements for registering to vote have had or could have on voters and/or election results, including the demographics and political affiliations of such voters and/or candidates for office.

REQUEST FOR PRODUCTION NO. 8):

All writings or statements by You concerning (i) acts that may constitute harassment, intimidation, coercion or threats to actual or potential voters or registrants; and/or (ii) acts that may violate Section 11(b) of the Voting Rights Act.

REQUEST FOR PRODUCTION NO. 9):

Documents sufficient to show the Virginia state and local guidelines, processes, systems concerning voter registration and voter roll maintenance.

REQUEST FOR PRODUCTION NO. 10):

All non-privileged documents relating to this Litigation.