EXHIBIT 14

Case 1:18-cv-00423-LO-IDD Document 194-14 Filed 06/14/19 Page 2 of 5 PageID# 11569
Case 1:16-cv-00394-LMB-MSN Document 9-1 Filed 04/29/16 Page 1 of 4 PageID# 62

Page 1



# VIRGINIA VOTERS ALLIANCE

January 25, 2016

VIA CERTIFIED MAIL

Anna Leider
Registrar
132 North Royal Street
Suite 100
Alexandria, Virginia 22314

Dear Ms. Leider:

I am writing on behalf of the Virginia Voters Alliance to notify you that your city is in apparent violation of Section 8 of the National Voter Registration Act based on our research.

Virginia Voters Alliance has a mission that includes improving election laws and their attendant processes and procedures insuring election integrity, in the Commonwealth of Virginia. We focus on auditing Virginia's voter rolls to determine that registered voters are entitled to vote based on the requirements of the Virginia Constitution.

Voter rolls across America contain substantial numbers of ineligible voters, resulting in the possible disenfranchisement of legally eligible voters via ballot dilution that threatens to taint the integrity of the electoral process.

Based on our comparison of publicly available information published by the U.S. Census Bureau and the Federal Election Assistance Commission, your city is failing to comply with Section 8 of the National Voter Registration Act (NVRA). Federal law requires election officials to conduct a reasonable effort to maintain voter registration lists free of dead voters, ineligible voters and voters who have moved away; 52 U.S.C. §§ 20503 and 20507.

In short, your city has more voters on the registration rolls than it has eligible living citizen voters.

The Attorney General of the United States may enforce the list maintenance requirements of Section 8 of NVRA to ensure that ineligible voters are not participating in the political process, but she has failed to do so. Virginia Voters Alliance has therefore taken on the task of notifying you of your city's violation.



VVA DEPOSITION EXHIBIT 5
DATE: 3/15/19
CINDY SEBO, CERTIFIED MERIT COURT REPORTER

EXHIBIT 1
ALL-STATE LEGAL®

Case 1:18-cv-00423-LO-IDD Document 194-14 Filed 06/14/19 Page 3 of 5 PageID# 11570
Case 1:16-cv-00394-LMB-MSN Document 9-1 Filed 04/29/16 Page 2 of 4 PageID# 63

Page 2

This letter serves as the statutory notice to your city, required by 52 U.S.C. § 20510(b) prior to the commencement of any lawsuit in order to enforce provisions of Section 8 of the NVRA, 52 U.S.C. § 20507.

It is our hope that your city will work quickly towards full compliance with 52 U.S.C. § 20507. If not, according to the federal statute, a lawsuit under the NVRA may be filed twenty (20) days after the receipt of this notice by a private party since the NVRA contains a private right of action to enforce the provisions of the statute. For any lawsuits initiated by a private party, an award of attorney's fees, expenses and costs incurred are available under 52 U.S.C. §20510(c).

If you believe the information reported by the Election Assistance Commission for 2014 ("2014 EAC Report") or to the Secretary of State currently is inaccurate, please state the basis for that belief. In particular, if the publicly available information cited above is no longer accurate, it would be helpful if you could provide:

    (a) updated registration data since the publication of the 2014 EAC report;

    (b) records your office obtained or received from the Alexandria Circuit Court Clerk, United States District Court clerks or other sources regarding individuals who were ineligible to serve on juries because of a lack of American citizenship, death or relocation out of the jurisdiction, including but not limited to records concerning juror qualification questionnaires—whether completed via the Internet or returned through the mail—on which the individual that completed the questionnaire indicated that he or she is not a United States citizen, please include subsequent list maintenance records produced pursuant to inquiries based on this information;

    (c) the number of ineligible voters purged by category (e.g., dead, duplicate, ineligible) and by date;

    (d) the source agency that provided the identifying information of the purged deceased and when the data was provided;

    (e) the number of notices sent to inactive voters since the publication of the 2014 EAC Report including the date, scope and contents of any citywide mailing to all registered voters;

    (f) the names of the staff in your office responsible for conducting list maintenance obligations who may appear on list maintenance records or who alter list maintenance records in furtherance of the duties of the office;

    (g) the number of ineligible voters removed for criminal conviction, if applicable, and the date of the most recent dataset containing criminal convictions against which you compared voter lists, including communications with other agencies regarding criminal convictions;

    (h) the total number of voters registered in your city as of the date of your response;

Page 3

    (i) any records indicating the use of citizenship or immigration status for list maintenance activities, including but not limited to the Systematic Alien Verification for Entitlements (SAVE) Program database. Any other records produced in reliance on other sources of citizenship verification data;

    (j) all list maintenance records including federal voter registration forms containing citizenship eligibility questionnaires for the last 22 months;

Section 8 also requires your city office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i); See also, *Project Vote v. Long*, 682 F.3d 331, 334-335 (4th Cir. Va. 2012) (The NVRA requires local election officials to provide voter registration data to the public).

We would like to discuss with your office how to implement a remedial plan which could cure what appears to be a violation of Section 8 of the NVRA. We also request the opportunity to inspect the list maintenance documents outlined above.

Since steps necessary to ensure that only eligible voters are on the rolls will not involve significant effort or cost, we believe it is reasonable to expect your city's voter roll violations to be resolved before voting begins in the November 2016 elections.

Thank you for your time and attention to this matter. Please feel free to call to arrange a convenient time to discuss and arrange an inspection by contacting me at the below address or email.

Sincerely,


Reagan G. George
President, Virginia Voters Alliance
P.O. Box 221581
Chantilly, VA 20153
rgeorge137@cox.net

CC: Edgardo Cortes
Commissioner
Virginia Department of Elections
Washington Building
First Floor
1100 Bank Street
Richmond, Virginia 23219

